ESTATE OF CARLIN: EVANS, Respondent, vs. CARLIN, Executrix, Appellant.

*April 7—May 11, 1926.*

*Executors and administrators: Claims against estates: Evidence: Sufficiency: Assignment of mortgage: Recitals as to consideration: Explanation by parol proof: Witnesses: Competency: Testimony that deceased did not pay witness for assignment of mortgage.*

1. The evidence produced on a claim filed against an estate in the county court is *held* to sustain a finding that the deceased did not repay the claimant, who was his daughter, money she had turned over to him for investment. p. 134.

2. The recital of a consideration in a certified copy of an assignment of a mortgage, which certificate substantially complied with sec. 327.08, Stats., is open to explanation by parol proof, which may show that the consideration was never in fact paid. p. 135.
3. The assignor of the mortgage, who was the daughter of the deceased assignee, was competent to testify, in a proceeding against the executrix, that the recited consideration therefor was never paid and that the transaction was not directly with the deceased assignee but by mail with an attorney. p. 135.

APPEAL from a judgment of the county court of Grant county: E. B. GOODSELL, Judge. *Modified and affirmed.*

In 1900 respondent, a daughter of the deceased, placed $4,000 in the hands of her father, Patrick Carlin, now deceased, to be loaned for her, the "interest to stand and be paid to her with the principle at a rait of seven per cent." In 185 Wis. 438, 202 N. W. 201, this court held that this agreement created a relationship in the nature of a continuing trust and that therefore the claim was not barred by the statute of limitations.

For the appellant there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp.*

For the respondent there was a brief signed by *Harry E. Carthew* of Lancaster, of counsel, and oral argument by *Mr. Carthew.*

STEVENS, J. The only question presented by the appeal of the executrix is whether the proof supports the finding of the county court that this $4,000 and interest was not paid to respondent during the lifetime of her father. Upon this issue there is a conflict between the testimony of the respondent on the one side and of the executrix and her three children on the other. The testimony of the respondent, corroborated by declarations made by the deceased to third parties, supports the finding of the trial court. The probative force of the testimony of the executrix and of her

children is materially weakened by the fact that the executrix made no claim of payment, but relied wholly upon the statute of limitations, until this court had determined that the defense could not prevail in this action. The record discloses that the testimony of the executrix and her three children as to the alleged settlement was received by the court. The record contains no suggestion that this proof was later stricken out or not considered by the court.

The respondent asks a review of the finding of the county court that deceased paid respondent $1,200 and interest at the time the Bush mortgage was assigned by respondent to the deceased. This amount was applied by the court to reduce the amount of the claim. The certified copy of the assignment of the mortgage was received in evidence. The certificate is in substantial, if not literal, compliance with the requirements of sec. 327.08 of the Statutes. The respondent admits that she assigned this mortgage to her father. This assignment recites a consideration of $1,200 and interest thereon. This recital is open to explanation by parol proof. It may be shown that this consideration was never paid to the respondent. The only proof offered to show that no consideration was paid was the testimony of the respondent.

Respondent was competent to testify that the assignment of the Bush mortgage was sent to her through the mail by an attorney and that she returned it to him by mail. She further testified that no money was paid to her when she signed the assignment and that she never received the $1,200 and interest, which is the consideration recited in the assignment. This proof does not relate to any transaction with the deceased. On the contrary, it tends to show that she had no transaction with the deceased and that the whole transaction was conducted with a third person, evidently the attorney of her deceased father. Such transactions with third persons do not come within the prohibition of the

statute.   The situation is very much like that presented in *Brader v. Brader,* 110 Wis. 423, 427, 428, 85 N. W. 681, where it was held that an adverse party was competent to testify that she did not receive money or notes or the proceeds of notes given when her property was sold.   The court there held that the witness was not rendered incompetent to testify that she did not receive this money or the proceeds of these notes because such proof tended to show that the deceased person had received the proceeds of the sale of the property or because it may be argued that such proof raised an inference that certain acts were done or not done by the deceased person against whose estate a claim was made.

It follows that the county court was in error in deducting the $1,200 and interest from the amount of the claim filed by the respondent.   The judgment of the county court is so modified as to allow the claim filed by the respondent without deduction in the sum of $1,200 and interest because of the Bush mortgage.   The county court will determine the amount of the judgment and enter the same.  ·

*By the Court.*—The judgment of the county court is modified, and as modified affirmed.

ESCHWEILER, J., dissents.